SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001-8602

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| SUITE 5100 | SUITE 1400 | SUITE 3000 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 401 UNION STREET |
| HOUSTON, TX 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

ABIGAIL FLANIGAN
DIRECT DIAL (212) 729-2078

E-MAIL aflanigan@susmangodfrey.com

November 24, 2025

**VIA ECF**

Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: ***StopLoss Specialists, LLC v. Insured Advocacy Group, LLC, et al.*, Case No. 1:25-cv-06339-DEH (S.D.N.Y.), Letter Motion to Compel Compliance with Rule 7.1**

Dear Judge Ho,

Plaintiff StopLoss Specialists, LLC ("Specialists") writes to request that the Court order Defendants Insured Advocacy Group, LLC, and Insured Advocacy Group II, LLC (together, "Defendants") to file their required Federal Rule of Civil Procedure 7.1 disclosure statements.

Rule 7.1 requires every party in a diversity suit to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party" when they first appear in the case. Fed. R. Civ. P. 7.1(a)(2); *see also* Fed. R. Civ. P. 7.1(b)(1). Defendants appeared in this lawsuit on August 24, 2025, Dkt. 13, but have yet to comply with their Rule 7.1 obligations.

On September 17, 2025, Defendants filed a motion to dismiss for lack of subject matter jurisdiction, claiming that "there is no proper basis upon which this Court may exercise subject matter jurisdiction over this matter on the basis of diversity." Dkt. 20 ¶ 7. Specialists opposed the motion. Dkt. 23. Specialists explained the sufficiency of its pleadings and noted that Defendants had yet to file their Rule 7.1 disclosure statements. *Id.* Defendants then withdrew the motion. Dkt. 25.

Honorable Dale E. Ho
November 24, 2025
Page 2

After withdrawing their motion to dismiss, on October 10, 2025, Defendants filed a motion to compel arbitration. Dkts. 27 & 28. Specialists opposed the motion and again raised Defendants' failure to comply with Rule 7.1. *See* Dkt. 29 at 1 n. 1. Specialists' counsel followed up with Defendants' counsel on November 13, 2025, requesting yet again that Defendants file their Rule 7.1 disclosure statements. Ex. 1. Specialists informed Defendants' counsel that it intended to file this letter motion if Defendants failed to file their Rule 7.1 disclosure statements by last Friday, November 21, 2025. *Id.* Defendants did not respond.

To date, Defendants have not filed their disclosure statements, nor explained their failure to do so. Accordingly, Specialists respectfully requests that the Court order Defendants to comply with Rule 7.1.

Sincerely,

Abigail Flanigan
Susman Godfrey, L.L.P. (counsel for Plaintiff, StopLoss Specialists, LLC)

cc: All counsel of record

**The Court is in receipt of the endorsed correspondence. Defendants are hereby ORDERED to file either their Rule 7.1 statements or a response letter in opposition of no more than two pages on or before December 1, 2025. The Clerk of Court is respectfully directed to terminate ECF No. 33.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: November 25, 2025
New York, New York