UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

StopLoss Specialists, LLC,

                              Plaintiff,

                    v.

Insured Advocacy Group, LLC, et al.,

                              Defendants.

25-CV-6339 (DEH)

<u>ORDER</u>

DALE E. HO, United States District Judge:

On review of the Parties' letters, Plaintiff's Motion for Jurisdictional Discovery is **GRANTED**. The Court concludes that discovery is both necessary and appropriate in order to determine the Court's jurisdiction over these proceedings.

"To establish subject matter jurisdiction under 28 U.S.C. § 1332, as implicated here, plaintiff[] bear[s] the burden of making a preponderance showing, inter alia, of 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 725 (2d Cir. 2017). "It is also well established that when the question is subject matter jurisdiction, the court is permitted to rely on information beyond the face of the complaint." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005). "The Court has authority to order jurisdictional discovery to allow [a party] the opportunity to demonstrate subject matter jurisdiction." *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 228 (S.D.N.Y. 2013); *see Gualandi v. Adams*, 385 F.3d 236, 244 (2d Cir. 2004) ("[C]ourts generally require that plaintiffs be given an opportunity to conduct discovery on these jurisdictional facts, at least where the facts, for which discovery is sought, are peculiarly within the knowledge of the opposing party").

Because the Court cannot determine the citizenship of Defendants on the basis of their corporate disclosure statements, the Court concludes that jurisdictional discovery is necessary before proceeding further in this case. Courts have ordered routinely ordered such discovery. *See, e.g.*, *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, No. 20 Civ. 731, 2020 WL 7711629, at *4 (S.D.N.Y. Dec. 29, 2020) (granting jurisdictional discovery as to citizenship of LLC's members); *Napoli-Bosse v. Gen. Motors LLC*, No. 18 Civ. 1720, 2018 WL 11193187, at *1 (D. Conn. Nov. 27, 2018) ("If, after a diligent effort, the plaintiffs are unable to determine the citizenship of each member of GM LLC, they may file a motion requesting limited jurisdictional discovery from the defendant to establish the existence of minimal diversity between the parties."); *Frati v. Saltzstein*, No. 10 Civ. 3255, 2011 WL 1002417, at *6 (S.D.N.Y. Mar. 14, 2011) ("The documents currently before the Court suggest that there is a lack of complete diversity . . . The Court, however, will afford Plaintiffs limited, expedited discovery on this issue, and defer consideration of Defendants['] motion to dismiss for lack of diversity until completion of such discovery" as to membership of LLCs). Because the Court cannot determine the citizenship of Defendants, the Court chooses to exercise its "power to investigate and ascertain the existence of [subject-matter] jurisdiction." *Tutor Perini Bldg. Corp.*, 2020 WL 7711629, at *3.

The Court also concludes that an attorneys' eyes only designation is inappropriate for this information. Rule 26(c) of the Federal Rules of Civil Procedure provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "The burden to show good cause falls on the party seeking a protective order." *Trellian Pty, Ltd. v. adMarketplace, Inc.*, 2021 WL 363965, at *3 (S.D.N.Y. Feb. 3, 2021); *see also Allen v. City of New York*, 420 F.Supp.2d 295, 302 (S.D.N.Y.

2

2006) (good cause under Rule 26(c) requires demonstrating a "clearly defined and serious injury" that would result from disclosure). Defendants have not shown "that the AEO provision is required to protect them from any identifiable harms, or that the alternative proposed confidentiality order would be inadequate." *Cerco Bridge Loans 6 LLC v. Schenke*r, No. 23 Civ. 11093, 2024 WL 3319509, at *2 (S.D.N.Y. June 13, 2024). Accordingly, Defendants request for an attorneys' eyes only designation is **DENIED**.

Plaintiff is permitted to serve discovery requests as described in Plaintiff's January 16, 2026 Letter, ECF No. 53 at 2.[1] On or before **February 23, 2026**, Plaintiff is **ORDERED** to file a status letter regarding the discovery requests, including updates on service, production, objections. If any relevant production indicates that one or more of Defendants is a citizen of Georgia, Plaintiff is **ORDERED** to inform the Court immediately.

The Clerk of Court is respectfully directed to terminate ECF No. 53.

SO ORDERED.

Dated: January 20, 2026
      New York, New York

DALE E. HO
United States District Judge

---

[1] *See* ECF No. 53 at 2 ("Specialists will request three categories of documents from these four entities: first, governing documents showing how the trusts were organized, which is relevant to whether their beneficiaries' citizenship is imputed to the trust. . . Second, subscription agreements, partnership agreements, or any other documents demonstrating the entities' interests in the limited partnerships . . . And third, residency information about the trusts' trustees or beneficiaries. If Specialists discovers that no relevant member of these entities is a citizen of Georgia, based on discovery from Defendants, it will seek leave to serve further third-party subpoenas on any relevant unincorporated entities listed by Defendants as 'investors.'").