SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001-8602

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

_____

| | | |
|---|---|---|
| SUITE 5100 | SUITE 1400 | SUITE 3000 |
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 401 UNION STREET |
| HOUSTON, TX 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

ABIGAIL FLANIGAN

DIRECT DIAL (212) 729-2078                                    E-MAIL AFLANIGAN@SUSMANGODFREY.COM

January 21, 2026

**VIA ECF**

Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***StopLoss Specialists, LLC v. Insured Advocacy Group, LLC, et al.*,
       Case No. 1:25-cv-06339-DEH (S.D.N.Y.), Letter Seeking Clarification
       of Court Order Granting Jurisdictional Discovery**

Dear Judge Ho,

StopLoss Specialists, LLC ("Specialists") writes to respectfully request
clarification of the Court's January 20, 2026 order granting Specialists' motion for
jurisdictional discovery. Dkt. 54. The Court held that Specialists "is permitted to
serve discovery requests as described in Plaintiff's January 16, 2026 Letter" and
cited a portion of that letter that specified the categories of documents that
Specialists intended to seek through third-party discovery. *Id.* at 3 & n.1. Out of an
abundance of caution, Specialists seeks clarification of whether the Court intended
to limit discovery to third parties or if Specialists may also seek discovery from
Insured Advocacy Group, LLC ("IAG") and Insured Advocacy Group II, LLC
("IAG II," and together with IAG, "Defendants") in the form of document requests,
interrogatories, and Rule 30(b)(6) depositions. *See* Dkt. 47 at 2 (requesting this
discovery).

As set forth in Specialists' January 16 letter, "Specialists continues to believe that
jurisdictional discovery from Defendants is necessary to clarify their membership
structure and to explore discrepancies between Defendants' disclosures here and in
other lawsuits." Dkt. 53 at 1. Defendants have not complied with their Rule 7.1
obligations to the best of their abilities. Instead, they have offered shifting

Honorable Dale E. Ho
January 21, 2026
Page 2

descriptions of their ownership structures. *See* Dkt. 53-1. Each new filing from Defendants not only contradicts the last but introduces new entities that Defendants had not mentioned before. *See id.* Discovery from Defendants is therefore necessary to understand Defendants' true ownership, test the veracity of Defendants' claim that they lack control over key citizenship information in this case, and guide any future third-party discovery. *See* Dkt. 53 at 2 ("If Specialists discovers that no relevant member of these entities is a citizen of Georgia, *based on discovery from Defendants*, it will seek leave to serve further third-party subpoenas on any relevant unincorporated entities listed by Defendants as 'investors.'" (emphasis added)).

Accordingly, Specialists' respectfully requests that the Court clarify whether its order granting jurisdictional discovery encompassed the full scope of Specialists' requested discovery—namely, whether Specialists may (1) serve ten requests for production and ten interrogatories on Defendants on the topics of the relevant citizenship information and Defendants' control over that information, and (2) take Rule 30(b)(6) depositions of Defendants on these same topics. If so, Specialists respectfully renews its request that the Court order Defendants to respond to written discovery within 14 days of its issuance and to make witnesses available within 14 days of completion of written discovery. Dkt. 47 at 2.

Sincerely,

*/s/ Abigail Flanigan*
Susman Godfrey, L.L.P. (counsel for Plaintiff, StopLoss Specialists, LLC)

**The Court clarifies the Plaintiff is permitted to seek the full scope of requested discovery as described in this letter. The Clerk of Court is respectfully directed to terminate ECF No. 47.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: January 21, 2026
New York, New York