SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001-8602

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

————————

| SUITE 5100 | SUITE 1400 | SUITE 3000 |
|---|---|---|
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE STARS | 401 UNION STREET |
| HOUSTON, TX 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

ABIGAIL FLANIGAN
DIRECT DIAL (212) 729-2078

E-MAIL AFLANIGAN@SUSMANGODFREY.COM

February 9, 2026

**VIA ECF**

Honorable Dale E. Ho
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:    ***StopLoss Specialists, LLC v. Insured Advocacy Group, LLC, et al.*,
Case No. 1:25-cv-06339-DEH (S.D.N.Y.), Letter Seeking Clarification
as to Timing of Ordered Jurisdictional Discovery**

Dear Judge Ho,

StopLoss Specialists, LLC ("Specialists") writes to respectfully request further clarification of the Court's orders granting Specialists' motion for jurisdictional discovery. Dkts. 54, 56. Specifically, Specialists requests clarification of whether Insured Advocacy Group, LLC ("IAG") and Insured Advocacy Group II, LLC ("IAG II," and together with IAG, "Defendants") were required to respond to written discovery within 14 days of service of the requests and to make witnesses available within 14 days of completion of written discovery.

On January 20, 2026, the Court granted Specialists' motion for jurisdictional discovery and, on January 21, clarified that Specialists was "permitted to seek the full scope of requested discovery." Dkts. 54, 56. In its January 20 order, the Court further ordered Specialists to file a status letter on discovery by February 23, 2026. Dkt. 54 at 3. Specialists' filings included a request that the Court order Defendants to respond to written discovery within 14 days of its issuance and to make witnesses available within 14 days of completion of written discovery. Dkt. 47 at 2; Dkt. 55 at 2. Specialists understood the Court's order to include the 14-day response period and 14-day period for making witnesses available, particularly in light of the Court's 30-day deadline to provide an update on discovery. Defendants disagree.

Honorable Dale E. Ho
February 9, 2026
Page 2

On Friday, February 6, 2026, 14 days after Specialists served its written discovery requests on Defendants and the day on which Defendants' responses were due per the requests, Defendants informed Specialists that they would not comply with the return date because, in their view, Specialists' interpretation of the Court's order is "clearly wrong." Ex. 1 at 1. Defendants state that, "[a]bsent an explicit order from the Court," they will instead respond to the discovery "within the time set forth in the rules," meaning up to the very day that Specialists' update to the Court is due, February 23. *Id.* at 2.

Specialists respectfully requests that the Court reject Defendants' attempt to engage in further dilatory tactics and clarify that Defendants must immediately comply with Specialists' requests, served on January 23, 2026, and provide the names and available deposition dates before February 23 for their 30(b)(6) witness(es).

Sincerely,

*/s/ Abigail Flanigan*
Susman Godfrey, L.L.P. (counsel for Plaintiff, StopLoss Specialists, LLC)

**Application GRANTED.  The Court CLARIFIES that Defendants were to comply with Plaintiff's discovery requests within 14 days.  The Court sua sponte EXTENDS Defendants' deadline to Friday, February 13, 2026 at 12:00 p.m.   For the avoidance of doubt, Defendants are ORDERED to provide the names of witnesses and available deposition dates at the same time.  The Parties are reminded that failure to comply with Court orders and deadlines can result in sanctions or being held in contempt of Court.  The Clerk of Court is respectfully directed to terminate ECF Nos. 57, 58, and 60.**

**SO ORDERED.**

Dale E. Ho
United States District Judge
Dated: February 9, 2026
New York, New York